IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON BUSH ELLISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-060 |
| | ) | |
| KATHY SEABOLT and THURBERT BAKER, Attorney General, | ) ) | |
| | ) | |
| Respondents. | ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Petitioner Sharon Bush Ellison, an inmate currently incarcerated at Metropolitan State Prison, in Atlanta, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Based on an initial review of the petition as required by Rule 4 of the Rules Governing § 2254 Cases,[1] and for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Thurbert Baker be **DISMISSED** as an improper

___

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

party Respondent, that this case filed pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice, that Petitioner's motion to stay her parole revocation be **DENIED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

According to Petitioner, she was convicted in "approximately January 2000" of "theft by taking while in lawful possession." (Doc. no. 1, p. 3). Petitioner claims she was sentenced to five years of incarceration and twelve months of probation. (Id.). Petitioner appealed her conviction; her conviction was affirmed on appeal. (Id.). Petitioner then filed a motion for a new trial that was denied. (Id.). Petitioner also filed a habeas petition in state court that was denied. (Id.). Petitioner does not provide the date she filed her appeal, the date her conviction was affirmed, or the issues raised on appeal. Similarly, Petitioner does not provide the respective dates or issues raised in her state habeas petition. Rather Petitioner refers the Court to the her answer to question "11(a)(3)" of her habeas petition which provides, "[T]his information is not within the immediate possession of the petitioner and alternatively can be provided by the responded during the answer and reply." (Id.).

Petitioner filed the instant federal petition for a writ of habeas corpus, and raised four claims. In Ground One, Petitioner alleges that she is being unlawfully confined beyond her sentence. (Id. at 6). In Ground Two, she alleges that the Georgia Corrective process is ineffective. (Id.). However, Petitioner maintains that "at this early stage it is not within the power of the Petitioner to provide certain specific facts which could support the presumption." (Id.). In Ground Three, Petitioner alleges that her state court judgment was

based on an unreasonable determination of the facts in light of the evidence presented. (Id.). However, Petitioner again claims that "at this early stage it is not within the power of the Petitioner to provide certain specific facts which could support the presumption." (Id.). Lastly, in Ground Four, she maintains that the state did not have jurisdiction to try her offense because her case was a case in equity. (Id.). Therefore, Petitioner argues that the court lacked criminal subject matter jurisdiction, and that her sentence was not authorized. (Id.).

## II. DISCUSSION

### A. Exhaustion Rules Explained

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if [s]he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted her state judicial remedies when she has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner

3

must give the state courts an opportunity to act on [her] claims before [s]he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver

---

[2]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

4

of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[3]

---

[3]The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly

5

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

Finally, if the district court finds that a petition is a mixed petition, in that it contains both exhausted and unexhausted claims, it has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005); Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007). The Eleventh Circuit has summarized the requirements of Rhines as follows: "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-79). However, because the stay and abeyance procedure has the potential to frustrate the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state

---

incorporated into § 2254(b)(2).

court prior to filing his federal petition," the stay and abeyance procedure should only be used in limited circumstances. Id. at 277. If the district court determines that a stay and abeyance is not the appropriate avenue on which to proceed, the court also has the option of severing any unexhausted claims from the petition and proceeding with the exhausted claims, or to dismiss the entire petition as a mixed petition. Id. at 278.

### B. Petitioner's Exhausted and Unexhausted Claims

In the instant case, Petitioner acknowledges she has not presented her claim raised in Ground One, that she is being unlawfully confined beyond the time of her sentence, to any state court. (Doc. no. 1, p. 7, ¶ 13). Petitioner's claim asserted in Ground One addresses the manner in which her sentence was calculated. More specifically, Petitioner believes that she has served her entire sentence and that she is being unlawfully detained beyond the expiration of her sentence; yet the Georgia Department of Corrections website shows Petitioner's maximum possible release date as July 18, 2014.[4] In the case at bar, in order to address her sentence calculations, Petitioner was required to file a mandamus action in state court. Under Georgia law, habeas corpus does not lie to determine the computation of jail time. Forbes v. Ricketts, 216 S.E.2d 82, 82 (1975). A mandamus action is the appropriate method for Petitioner to challenge the computation of her jail time. Anderson v. State, 660 S.E.2d 876, 891 (Ga. Ct. App. Apr. 9, 2008). Indeed, O.C.G.A. § 17-10-11 provides:

> Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings . . . . The credit or credits shall be applied toward the convicted person's sentence and shall also be considered by parole

---

[4] See www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp.

authorities in determining eligibility of the person for parole.

"If aggrieved by the calculations in awarding credit [the petitioner] 'should have sought relief from the Department of Corrections." Anderson, 660 S.E.2d at 891 (citing Cutter v. State, 622 S.E. 2d 96, 99 (Ga. Ct. App. 2005) (citations omitted)). If dissatisfied with the Department of Corrections' ruling, a petitioner must pursue a mandamus or injunction action against the Commissioner of the Department of Corrections. Id. Because Petitioner did not file a mandamus action or otherwise pursue injunctive relief, she has not satisfied the requisite exhaustion requirement. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on [her] claims before [s]he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842.

As Petitioner has not raised her claim asserted in Ground One in any state court, she has failed to exhaust her claim concerning the method by which her sentence is being carried out. Concerning Petitioner's other claims, she has failed to provide the necessary information on whether she exhausted her other claims, let alone when they may have been raised. Despite Petitioner's deliberate obfuscation regarding her exhaustion and the timeliness of her claims, for the purpose of this review, the Court will give Petitioner the benefit of the doubt and presume she has exhausted her other claims.[5]

Because Petitioner's federal habeas petition contains exhausted and unexhausted claims, the Court considers it a "mixed petition." Under the requirements of Rhines, the Court

---

[5]The timeliness of her claims need not be addressed in light of her failure to exhaust her claim asserted in Ground One.

concludes that as such, the petition should be dismissed and that Petitioner's exhausted claims should not be held in abeyance. Petitioner has not stated any reason explaining her failure to exhaust her claim asserted in Ground One, let alone, shown "good cause" for failing to exhaust her claim in state court before filing the instant habeas petition. Rhines, 544 U.S. at 277-79. While Petitioner's unexhausted claim may be "potentially meritorious" and there is no indication that she has engaged in "intentionally dilatory litigation tactics," her failure to show good cause prohibits the Court from granting her a stay and abeyance of her exhausted claims under Rhines. Furthermore, the Court concludes that under these circumstances, stay and abeyance of Petitioner's presumably exhausted claims would frustrate and undermine the goals of the AEDPA. Because Petitioner has not satisfied the requisite exhaustion requirement, the Court **REPORTS** and **RECOMMENDS** that her petition filed pursuant § 2254 be **DISMISSED**.[6]

### C. Improper Respondent

Moreover, the Court also finds that Attorney General Baker is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner.

---

[6] Petitioner filed a "Motion for Stay of Proceeding and/or State Court Proceedings." (Doc. no. 10). Petitioner explains that on December 17, 2008, she was given a revocation hearing that apparently resulted in her parole being revoked. (Id. at 2). In the motion to stay, Petitioner seeks a stay of her revocation arguing that because her sentence concerning her 2000 conviction has expired, the judgment against her is void. (Id.). For the reasons stated above, Petitioner is required to exhaust her claims in state court. Therefore, the Court **REPORTS** and **RECOMMENDS** that her motion to stay her parole revocation (doc. no. 10) be **DENIED**.

9

Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which she is currently incarcerated, Warden Seabolt is the proper Respondent, the Court **REPORTS** and **RECOMMENDS** that Attorney General Baker be **DISMISSED** as an improper Respondent.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Thurbert Baker be **DISMISSED** as an improper party Respondent, that this case filed pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice, that Petitioner's motion

to stay her parole revocation be **DENIED**, and that this civil action be **CLOSED**.[7]

SO REPORTED and RECOMMENDED this 20th day of August, 2009, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7]Petitioner has also filed various miscellaneous discovery motions that are addressed by a simultaneously filed order. (See doc. nos. 5, 7-9, 11, 12).